IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Criminal Action No. |
| ) | 09-00296-03-CR-W-FJG |
| ROBERT E. STEWART, ) | |
| ) | |
| Defendant. ) | |

**ORDER GRANTING MOTION TO SEVER COUNTS**

Before the court is defendant's motion to sever count one, charging all six defendants with a drug conspiracy, from count two, charging defendant Angell with witness intimidation. I find that the offenses charged in counts one and two of the indictment are not, on the face of the indictment, alleged to be part of the same series of acts or transactions; therefore, defendant's motion will be granted.

*I.* *BACKGROUND*

On September 24, 2009, an indictment was returned charging defendant and five others with one count of conspiracy to distribute methamphetamine, cocaine, and marijuana, in violation of 21 U.S.C. § 846, and defendant John Angell with one count of witness intimidation, in violation of 18 U.S.C. §§ 1512(b)(2) and (g).

On October 1, 2009, defendant Stewart filed a motion to sever counts on the ground that the two counts are improperly joined since they are not "of the same or similar character or . . . based on the same act or transaction or on two or more acts

or transactions connected together or constituting parts of a common scheme or plan." (document number 37).

On October 13, 2009, the government filed a response in opposition to the motion, arguing that the two counts are connected with the same common scheme because "Count Two charges defendant Angell with threatening a witness in connection with law enforcement's investigation and prosecution of that same narcotics conspiracy [charged in Count One]" (document number 69). The government argues that:

> Defendant mistakenly proffers that the threats alleged in Count Two are based on a separate case, United States v. William Eneff, et al., 07-CR-0020-CR-W-FJG. In fact, the Eneff case is a companion case to the current, above-captioned case. Because of the large number of putative defendants in the two motorcycle clubs, it was not practical for the government to charge all of the defendants in a single indictment. However, both indictments arise from the same conspiracy by club members from 2002 to 2007 to pool common funds to purchase methamphetamine, cocaine and marijuana. The drugs were distributed back to club members for use at certain "runs" the clubs held every year. In sum, the indictments allege that the defendants conspired to distribute over 500 grams of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846, which carries a mandatory 10-year minimum sentence.
>
> Count Two in the instant indictment arose from an incident where Defendant Angell traveled to a witness's home on August 31, 2009 and made verbal threats. The witness—a former member of the Galloping Goose Motorcycle Club—had been charged in the Eneff case and was cooperating in the prosecution of that case and in the ongoing investigation against Angell and his motorcycle club brothers. The ongoing investigation led to the instant indictment. At the time of the threats, the majority of the Eneff defendants had already entered guilty pleas and were awaiting sentencing. However, other members of the motorcycle clubs (including Angell) knew that the investigation was ongoing and that additional indictments were possible.
>
> Because Counts One and Two in the instant indictment arise from the same conspiracy by members of the Galloping Goose and El Forstero motorcycle clubs to distribute narcotics

2

from 2002 to 2007, the offenses in Counts One and Two are
properly joined. . . .

## II. *JOINDER*

Rule 8, Federal Rules of Criminal Procedure, establishes the requirements for joinder of offenses or defendants in the same indictment. The objective of Rule 8 is to balance the prejudice inherent in joint trials against the interests in judicial economy. Whether counts are properly joined under Rule 8 is a question of law. United States v. Rodgers, 732 F.2d 625, 628 (8th Cir. 1984). The propriety of joinder must appear on the face of the indictment. United States v. Wadena, 152 F.3d 831, 848 (8th Cir. 1998), cert. denied, 526 U.S. 1050 (1999); United States v. Bledsoe, 674 F.2d 647, 655 (8th Cir.), cert. denied, 459 U.S. 1040 (1982). See also United States v. Grey Bear, 863 F.2d 572, 573-578 (8th Cir. 1988) (en banc) (statement of Lay, J.), cert. denied, 493 U.S. 1047 (1990).

Both the defendant and the government utilize the wrong subsection of Rule 8. Unless all defendants are charged in all counts of the indictment, joinder of offenses in multiple-defendant cases is judged by Rule 8(b)[1] rather than 8(a)[2].

---

[1]Two or more defendants may be charged in the same indictment or information if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses. Such defendants may be charged in one or more counts together or separately and all of the defendants need not be charged in each count.

[2]The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged--whether felonies or misdemeanors or both--are of the same or similar character, or are based on the same act or transaction,

3

United States v. Southwest Bus Sales, 20 F.3d 1449, 1454 (8th Cir. 1994). This is significant because the language of Rule 8(a) does not allow joinder on the same basis as 8(b); the words "same or similar character" are omitted from 8(b). The rationale for applying 8(b) rather than 8(a) in multiple-defendant cases is stated in United States v. Jones, 880 F.2d 55, 61 (8th Cir. 1989):

> When similar but unrelated offenses are jointly charged to a single defendant, some prejudice almost necessarily results, and the same is true when several defendants are jointly charged with a single offense or related offenses. Rule 8(a) permits the first sort of prejudice and Rule 8(b) the second. But the Rules do not permit cumulation of prejudice by charging several defendants with similar but unrelated offenses.

(citing Cupo v. United States, 359 F.2d 990 (D.C. Cir. 1966), cert. denied, 385 U.S. 1013 (1967)). Therefore, there are definite limits to what the government can put together in a single indictment. United States v. Nicely, 922 F.2d 850, 853 (D.C. Cir. 1991).

For joinder of defendants under Rule 8(b) to be proper, there must be some common activity involving all of the defendants which embraces all the charged offenses even though every defendant need not have participated in or be charged with each offense. United States v. Gravatt, 280 F.3d 1189, 1191 (8th Cir. 2002); United States v. Sazenski, 833 F.2d 741, 745 (8th Cir. 1987), cert. denied, 485 U.S. 906 (1988). Furthermore, to be part of the "same series of acts," the offenses charged must

---

or are connected with or constitute parts of a common scheme or plan.

be part of one overall scheme about which all joined defendants knew and in which they all participated. Id.; United States v. Bledsoe, 674 F.2d 647, 656 (8th Cir.), cert. denied, 459 U.S. 1040 (1982). Rule 8(b)'s language "may not be read to embrace similar or even identical offenses, unless those offenses are related. . . . [T]here must be a logical relationship between the acts or transactions within the series." United States v. Nicely, 922 F.2d at 853 (quoting United States v. Perry, 731 F.2d 985, 990 (D. C. Cir. 1984)).

In the Eighth Circuit, the current rule of law is that whether joinder is proper must be determined from the face of the indictment. United States v. Wadena, 152 F.3d 831, 848 (8th Cir.), cert. denied, 526 U.S. 1050 (1998). That issue was the subject of a split decision in United States v. Grey Bear, 863 F.2d 572 (8th Cir. 1998) (en banc) (5-5 decision), where five judges believed that the face of the indictment is where the analysis stops and five judges believed that under certain circumstances, the courts should be able to look beyond the face of the indictment. To date, the Eighth Circuit Court of Appeals has not amended the requirement that proper joinder be evident from the face of the indictment, although several other circuits allow the courts to look beyond the face of the indictment. See United States v. Tubol, 191 F.3d 88, 95 (2nd Cir. 1999) (joinder is proper when same evidence will support both of joined counts); United States v. Cardwell, 433 F.3d 378, 385 (4th Cir. 2005) (court looks to evidence presented at severance hearing, or

5

allegations in indictment and evidence presented at trial), cert. denied, 547 U.S. 1061 (2006); United States v. Morales, 108 F.3d 1213, 1219 (10th Cir. 1997) (courts may look to evidence to determine proper joinder); United States v. Gbemisola, 225 F.3d 753, 760 (D.C. Cir.) (courts may look to evidence to determine proper joinder), cert. denied, 531 U.S. 1026 (2000). Cf. United States v. Fenton, 367 F.3d 14, 21 (1st Cir. 2004) (face of indictment); United States v. McGill, 964 F.2d 222, 241 (3rd Cir.) (face of indictment), cert. denied, 506 U.S. 1023 (1992); United States v. Butler, 429 F.3d 140, 146 (5th Cir. 2005) (face of the indictment), cert. denied, 547 U.S. 1131 (1986); United States v. Chavis, 296 F.3d 450, 456-457 (6th Cir. 2002) (face of the indictment); United States v. Lanas, 324 F.3d 894, 899 (7th Cir.) (face of the indictment), cert. denied, 540 U.S. 882 (2003); United States v. Rousseau, 257 F.3d 925, 931 (9th Cir. 2001) (face of the indictment), cert. denied, 534 U.S. 1013 (2001); United States v. Dominguez, 226 F.3d 1235, 1238 (11th Cir. 2000) (face of the indictment), cert. denied, 532 U.S. 1039 (2001).

Count one of the indictment in this case charges that between January 1, 2002, and July 31, 2007, all of the defendants conspired to distribute 500 grams or more of methamphetamine, some amount of cocaine, and some amount of marijuana. Count two charges co-defendant Angell with threatening to cause bodily harm to Michael Hensley to retaliate against him for information he provided to Detective Steve Cook, "relating to the commission of

6

Federal Narcotics Offenses pursuant to Title 21, United States Code Section 841(a)(1) et seq. by members of the El Forastero and Galloping Goose Motorcycle Clubs" on August 31, 2009. Defendant's argument is that the

> drug conspiracy referred to in Count I is wholly different from the threat charged in Count II as it involved a different conspiracy and different individuals. No effort is made in the indictment even to suggest that the offenses are of the same or similar character or that they are part of the same transaction or parts of a common scheme engaged in by the other five defendants charged in Count One.

The government argues that counts one and two "arise from the same conspiracy by members of the Galloping Goose and El Forstero motorcycle clubs to distribute narcotics from 2002 to 2007".

Counts one and two of the indictment read as follows:

> COUNT ONE
> That between on or about January 1, 2002, to and including July 31, 2007, said dates being approximate, in the Western District of Missouri and elsewhere, JOHN B. ANGELL, ERIC G. BURKITT, a/k/a "Little Eric," ROBERT E. STEWART, JAMES M. COX, a/k/a "Liberty Jim," STEVE W. LARSON, and NICHOLAS E. DONKERSLOOT, defendants herein, did knowingly and intentionally combine, conspire, confederate and agree with each other and others, both known and unknown to the grand jury, to distribute: (1) a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in an amount of five hundred (500) grams or more; (2) cocaine, a Schedule II controlled substance; and (3) marijuana, a Schedule I controlled substance contrary to the provisions of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A), all in violation of Title 21, United States Code, Section 846.

> COUNT TWO
> That on or about August 31, 2009, in the Western District of Missouri and elsewhere, JOHN B. ANGELL, defendant herein, did knowingly engage in conduct, and attempt to engage in conduct, threatening to cause bodily harm to Michael J. Hensley, with the intent to retaliate against Michael J. Hensley for information provided by him to Detective Steve

>     Cook, a law enforcement officer with the Independence,
>     Missouri Police Department, relating to the commission of
>     Federal Narcotics Offenses pursuant to Title 21, United
>     States Code Section 841(a)(1) et seq. by members of the El
>     Forastero and Galloping Goose Motorcycle Clubs; contrary to
>     the provisions of Title 18, United States Code, Sections
>     1513(b)(2) and (g).

Although it possibly could have, the indictment does not allege in count two that the information about narcotics offenses was actually information about the crime alleged in count one. The government states that its evidence will prove such, but because proper joinder must be evident from the face of the indictment, I am limited to the words reprinted above. Those words do not incorporate or refer to count one, and no where in count one does the indictment refer to Michael Hensley, the El Forastero Motorcycle Club, or the Galloping Goose Motorcycle Club (or any motorcycle club for that matter), and therefore I am unable to determine from the face of the indictment that count two is related to count one.

Neither is count two an overt act of the conspiracy charged in count one. The conspiracy allegedly began on January 1, 2002, and ended on July 31, 2007 -- 13 months before the threat that is alleged in count two.

A variety of courts have sanctioned joinder of underlying substantive charges with additional charges arising out of post-charge or post-investigation conduct calculated to hinder prosecution or escape liability on the original charges. See United States v. Carnes, 309 F.3d 950, 957-958 (6th Cir. 2002) (holding joinder of witness tampering count with underlying

8

felon-in-possession charge was proper); United States v. Balzano, 916 F.2d 1273, 1280 (7th Cir. 1990) (holding joinder of witness intimidation count with conspiracy and extortion counts was proper because intimidation amounted to attempt to cover up or escape liability for underlying offenses and, thus, "was clearly part and parcel of the same criminal scheme"); United States v. Chagra, 754 F.2d 1186, 1188 (5th Cir. 1985) (holding counts alleging obstruction of justice and possession with intent to distribute marijuana were properly joined with conspiracy and murder counts where former acts were committed for purpose of avoiding punishment for latter); United States v. Davis, 752 F.2d 963, 972 (5th Cir. 1985) (joinder of obstruction of justice count with underlying mail fraud and false statements counts proper where evidence of fraud tended to establish motive for obstruction of justice and, similarly, evidence of obstruction, i.e., failure to produce subpoenaed documents and alleged interference with witness, tends to establish defendant's guilty consciousness of underlying substantive offenses). See also United States v. Kaler, 2001 WL 303349, at *2 (6th Cir. March 20, 2001) (unpublished opinion) (holding escape or failure to appear charge and underlying offense are "connected together" and properly joined under Rule 8(a) if charges are related in time, motive for flight was avoidance of prosecution of the underlying offense, and custody derived directly from the underlying offense).

9

Although the government is certainly able to join a witness retaliation count with a drug conspiracy count if it so chooses, one count of the indictment must somehow refer to the other count so that the court is able to make a determination from the face of the indictment whether the counts are part of the same series of acts or transactions.

### III. CONCLUSION

Because it is impossible to tell from the face of the indictment that both of the offenses charged are part of the same series of acts or transactions, I find that count one is improperly joined with count two. Therefore, it is

ORDERED that defendant's motion to sever count one from count two is granted. The trial of all the defendants on count one will take place on the December 7, 2009, criminal trial docket.

Counsel are reminded that objections to this order on the ground that it is clearly erroneous or contrary to law must be filed and served within ten days.

/s/ Robert E. Larsen
ROBERT E. LARSEN
United States Magistrate Judge

Kansas City, Missouri
November 19, 2009